UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| COLLEEN KUCHAR, | ) | CASE NO. 1:20-cv-02542 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE DAVID A. RUIZ |
| | ) | |
| SABER HEALTHCARE HOLDINGS, LLC, *et al.*, | ) | ORDER SETTING MEDIATION/ SETTLEMENT CONFERENCE |
| | ) | |
| Defendants. | ) | |

A mediation/settlement conference will be held in the above-captioned case on **May 18, 2021**, and shall be conducted by video conference and/or teleconference beginning at **10:00 a.m.** Further instructions and video/teleconferencing information will be circulated to counsel of record via email.  All parties and their lead counsel are ORDERED TO PARTICIPATE.

 A. Mediation/Settlement Conference Preparation

 1. Attendance of All Parties Required

Parties with ultimate settlement authority must be personally participate. Unless pre-approved by the undersigned, the conference shall be attended by all named individuals, as well as by an authorized representative of any named corporate, governmental or other entity, together with trial counsel for each party. When the settlement decision will be made in whole or part by an insurer, the insurer shall have a representative with full and complete authority to

1

make settlement decisions participate. A corporate party shall have a representative with full and complete authority to bind the company up to the value of plaintiff's claim and/or defendant's counterclaim participate. A governmental entity shall have a representative authorized to act on its behalf participate.

In the confidential statement referenced below, counsel shall identify the client representative(s) that will be participating and certify that this representative has full settlement authority. The Court may reschedule or cancel the conference if the representative is determined to be unqualified. Failure to produce the appropriate person(s) at the conference may result in sanctions against the noncomplying party and/or counsel.

   **2.      Pre-Settlement Conference Requirements**

   **a.   Confidential Settlement Statements**

Each party shall submit a confidential settlement statement to the Magistrate Judge outlining each party's position(s) as required herein on or before **May 11, 2021**. The settlement statement shall not become a part of the file of the case, but shall be for the exclusive use of the Magistrate Judge in preparing for the settlement conference.

The settlement statement shall contain the following:

- a specific recitation of the facts;
- a list of all claims and defenses still pending;
- an analysis of the law, applicable standard of review, and summary of what the evidence would show if the case proceeds to trial;
- a discussion of the strengths and weaknesses of the case;
- the parties' position on settlement, including a present settlement proposal; and
- a report on settlement efforts to date.

If not already a part of the court file, copies of any critical documents, photographs or other exhibits essential to enable the Magistrate Judge to understand the party's settlement position and/or case evaluation shall be attached to the settlement statement. The settlement statement should not be lengthy, but should contain enough information to be useful to the Magistrate Judge in analyzing the factual and legal issues in the case. The parties are encouraged to be candid in their statements.

The settlement statements shall not be served on opposing counsel, unless the parties agree to do so, or filed with the clerk, but shall be emailed to the Magistrate Judge. The email address is **Ruiz_Chambers@ohnd.uscourts.gov**.

If the settlement statement contains exhibits that are greater than fifty (50) pages in length, the exhibits should be properly bookmarked and labeled.

    **b. Pre-Settlement Conference Offer and Demand**

A mediation/settlement conference is more likely to be productive if, before the conference, the parties have exchanged meaningful written settlement proposals. Therefore, no later than **May 4, 2021** each counsel making affirmative claims for relief ("claimant's counsel") shall submit a written itemization of damages and settlement demand to opposing counsel with an explanation of why such a settlement demand is reasonable and appropriate. No later than **May 10, 2021** opposing counsel shall submit a written response and settlement offer to claimant's counsel with a brief explanation of why such a settlement is reasonable and appropriate. On occasion, this process will lead directly to a settlement.

If settlement is not achieved, the parties shall include copies of the settlement demand(s) and offer(s) as exhibits to their settlement statement. Do not file copies of these papers with the Clerk's Office.

B.     **Settlement Conference Format**

The Court will generally use a format of opening presentations by each side followed by a joint discussion and private caucusing by the Court with each side. The Court expects both the lawyers and the party representatives to be fully prepared to participate. The Court encourages all parties to keep an open mind in order to re-assess their previous positions and to find creative means to resolve the dispute.

Parties should be prepared to discuss the following at the settlement conference:

1. What are your objectives in the litigation?
2. What issues (in and outside of this lawsuit) need to be resolved?
3. What are the strengths and weaknesses of your case?
4. Do you understand the opposing side's view of the case? What is wrong with their perception? What is right with their perception?
5. What are the points of agreement and disagreement between the parties? Factual? Legal?
6. What are the impediments to settlement?
7. What remedies are available through litigation or otherwise?
8. Are there possibilities for a creative resolution of the dispute?
9. Do you have adequate information to discuss settlement? If not, how will you obtain sufficient information to make a meaningful settlement discussion possible?
10. Are there outstanding liens? Do we need to include a representative of the lienholder?
11. What legal costs or case expenses will you incur to take the case through
    i.   Discovery,
    ii.  trial and appeal?

4

### C.     Statements Inadmissible

Statements made by any party during the settlement conference are not to be used in discovery and will not be admissible at trial. Parties are encouraged to be frank and open in their discussions. The Court expects the parties to address each other with courtesy and respect.

### D.     Involvement of Clients

For many clients, this will be the first time they have participated in a court-supervised mediation/settlement conference. Therefore, counsel shall provide their clients with a copy of this Standing Order and shall discuss with them the points contained herein before the mediation/settlement conference.

IT IS SO ORDERED.

Dated: April 7, 2021				s/ *David A. Ruiz*
						David A. Ruiz
						United States Magistrate Judge