UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| COLLEEN KUCHAR,<br>On behalf of herself and all others similarly situated,<br><br>              Plaintiff,<br>v.<br><br>SABER HEALTHCARE HOLDINGS, LLC, et al.<br><br>              Defendants. | CASE NO 1:20-cv-02542<br><br>JUDGE JAMES S. GWIN |

### PLAINTIFF'S MOTION FOR CLARIFICATION OF SCHEDULING ORDER OR LEAVE TO FILE MOTION FOR RULE 23 CLASS CERTIFICATION

Plaintiff Colleen Kuchar respectfully moves for clarification of the Court's April 2, 2021 Track Assignment Order (Doc #: 23) so to permit her to file a Motion for Class Certification under Fed. R. Civ. P. 23 once sufficient discovery is conducted in this case. Paragraph I(2) of the Track Assignment Order set May 10, 2021 as Plaintiff's "Deadline for Motion for Collective Action/Class Certification." *Id.* Indeed, Plaintiff filed a Motion for Conditional Certification of her FLSA claims on that date (Doc#: 34). Plaintiff would also like the opportunity to file a Motion for Class Certification under Fed. R. Civ. P. 23 on her state law claims as well, which is generally done after discovery has largely been conducted in any particular case.

Conditional certification under 29 U.S.C. § 216(b) generally "takes place at the beginning of discovery" and "the burden at the pre-discovery conditional certification stage is slight." *Comer v. Wal-Mart Stores*, 454 F.3d 544, 546-48 (6th Cir. 2006); *Houston v. Progressive Cas. Ins. Co.*, 2015 U.S. Dist. LEXIS 166203 at *10 (N.D. Ohio Dec. 11, 2015). Class certification under Rule 23 is a post-discovery issue. Rule 23 certification requires "rigorous analysis" and the plaintiff "must be prepared to prove that there are in fact sufficiently numerous parties, common questions

of law or fact, etc." *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F. 3d 838, 851 (6th Cir. 2013) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011).

Plaintiff served her initial discovery requests on March 4, 2021. The Court instructed Defendants to respond to Plaintiff's discovery requests by April 5, 2021. As indicated in *Plaintiff's Motion for Conditional Certification*, Defendants' responses were and remain very deficient despite a May 5, 2021 letter directed to Defendants' counsel identifying those deficiencies (Doc#: 34, pp. 17-18). In addition to that written discovery, Plaintiff has requested the deposition of six of Defendants' representatives. Full supplementation of the deficient discovery responses and the completion of those depositions will be necessary before Plaintiff can move for Class Certification of her state claims under Rule 23.

Discovery is set to close on December 27, 2021, and Plaintiff anticipates she will be ready to move for Class Certification by September 1, 2021. Accordingly, Plaintiff respectfully requests that this Court clarify its Track Assignment Order to add a Rule 23 Class Certification Motion deadline of September 1, 2021, or in the alternative, grant her leave to file the same on or before that date.

        Respectfully submitted,

        s/ Scott D. Perlmuter
        Scott D. Perlmuter (0082856)
        4106 Bridge Ave.
        Cleveland, Ohio 44113
        216-308-1522
        scott@tittlelawfirm.com

        s/ Joshua Fuchs
        Joshua B. Fuchs (0087066)
        14717 South Woodland Road
        Shaker Heights, Ohio 44120
        216-505-7500
        josh@fuchsfirm.com

        *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on the 19th day of May, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties who have made an appearance by operation of the Court's electronic filing system and those parties may access the filing through the Court's system.

                                                                                       s/ Scott D. Perlmuter  
                                                                                       Scott D. Perlmuter (0082856)