IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| COLLEEN KUCHAR, | ) |
| | ) |
| Plaintiff, | ) CASE NO. 1:20-cv-02542 |
| | ) |
| v. | ) JUDGE JAMES S. GWIN |
| | ) |
| SABER HEALTHCARE HOLDINGS, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR CLARIFICATION OF SCHEDULING ORDER OR
LEAVE TO FILE MOTION FOR RULE 23 CLASS CERTIFICATION**

Pursuant to the Court's April 2, 2021, *Order* ("Order") (ECF #23), and Fed.R.Civ.P. 6(b)(1)(B), Defendants, Saber Healthcare Holdings, LLC, Saber Healthcare Group, LLC, Multi-Care Management, Inc., and Aurora Manor, L.P. (all collectively "Defendants"), by and through their respective counsel, hereby oppose *Plaintiff's Motion for Clarification of Scheduling Order or Leave to File Motion for Rule 23 Class Certification* ("Motion") (ECF #35).

**I. INTRODUCTION AND RELEVANT FACTUAL BACKGROUND**

In her Motion, Plaintiff seeks "the opportunity to file a Motion for Class Certification under FED.R.CIV.P. 23 on her state law claims…." *See* Motion, p. 1. Notably, however, Plaintiff was already provided with that exact opportunity and failed to avail herself of it. The Court's Order could not have been clearer and requires no clarification: "(3) Deadline for Motion for

{03795710 -2}

Collective Action/**Class Certification**: May 10, 2021[.]" *See* Order, p. 1 (emphasis added).[1]  In addition, the parties discussed the dates set within the Order as well as Rule 23 class certification during the April 2, 2021, Case Management Conference.  No objections – including any discovery-based objections to the proposed deadlines – were raised by Plaintiff and the Court entered the Order at issue.  The proper time to seek an expansive time frame to seek Rule 23 certification was at the initial Case Management Conference when all these issues could have been addressed with the Court.  Only now, upon that date having passed, does Plaintiff seek a second-chance at Rule 23 class certification.  Under well-settled law, she is not so entitled and her Motion must be denied.

## II. LAW AND ARGUMENT

Rule 6(b)(1)(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that

> When an act may or must be done within a specific time, the court may, for good cause, extend the time[] on motion made after the time has expired if the party failed to act because of excusable neglect.

The legal standard for determining "excusable neglect" requires a court to balance five factors: (1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; (4) whether the delay was within the reasonable control of the moving party; and, (5) whether the late-filing party acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U .S. 380, 395 (1993). *See also Nafziger v. McDermott Int'l, Inc.,* 467 F.3d 514, 522 (6th Cir.2006); *Allen v. Murph,* 194 F.3d 722, 723-24 (6th Cir.1999). The Sixth Circuit applies the *Pioneer* standard to determine whether a district court has abused its discretion in denying late-filed motions, including denials that terminate the entirety of the litigation. *See, e.g., Nafziger,* 467 F.3d at 524.

---

1  Indeed, Plaintiff acknowledges and confirms the existence of this deadline in her current Motion (p. 1) as well as in the filing of her Motion for Conditional Certification on that deadline.

{03795710 -2}

2

Here, balancing the *Pioneer* factors weighs in favor of Defendants – and, by necessity, the denial of Plaintiff's Motion. If the Court were to grant Plaintiff's request, Defendants would experience prejudice. Defendants have actively – and aggressively – defended Plaintiff's claims in compliance with the Court's Order. In conjunction with the significant, negative impact of Plaintiff's request on these judicial proceedings, such prejudice upon Defendants is even more glaring. Allowing Plaintiff until September 1, 2021 (or, for that matter, at any time at all now that the briefing deadline has passed), to move for Rule 23 class certification would necessarily require a complete overhaul of the current Order's case management deadlines.[2] Further, Plaintiff's delayed request was solely within her control; she was aware of the applicable Order and failed to comply – no reasonable argument could be advanced otherwise. And, as to whether Plaintiff acted in good faith, this Court previously addressed this issue best in *Bartos v. Revenue Group*, Case No. 1:06-cv-3082, 2007 WL 892994 (N.D.Ohio, March 21, 2007):

> 'the *Pioneer* Court reaffirmed what amounts to an agency- and choice-based rule of imputation…Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.' *Nafziger*, 467 F.3d at 524 (internal citation and quotation omitted). Thus, the law imputes the inadvertence of Defendant's 'freely selected' attorneys to the reasonable control of [the client]. Accordingly, Defendant does not demonstrate 'excusable neglect,' even though the neglect was due solely to the neglect of its lawyers. This moots Defendant's bald assertion that its late filing did not result from its 'intention to delay.'

*Bartos* at *5.

---

2   By way of example, but not limitation, the current Order requires the parties to file dispositive motions by August 30, 2021. Such deadline will be impossible for Defendants to meet if Plaintiff is granted until September 1, 2021 to file her Rule 23 class certification motion. See ECF #23, p. 1.

{03795710 -2}

3

Finally, Plaintiff's Motion offers neither facts nor legal argument that adequately excuse Plaintiff's neglect in failing to file a timely Rule 23 class certification motion. Rather, Plaintiff sets forth two, discovery-based arguments in her attempt to seek an extended briefing deadline – neither of which have merit.

Plaintiff first claims that "[c]lass certification under Rule 23 is a post-discovery issue." *See* Motion, pp. 1-2. In support of her position Plaintiff relies solely upon *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838 (6th Cir 2013). However, *In re Whirlpool Corp.* does not go so far as Plaintiff suggests. Specifically, *In re Whirlpool Corp.* does not require the absolute completion of discovery prior to Rule 23 class certification briefing. Rather, *In re Whirlpool Corp.*, on the whole, simply reaffirms that "[a] district court has broad discretion to decide whether to certify a class." *In re Whirlpool Corp.*, 722 F.3d at 850, citing *In re Am. Med. Sys., Inc.,* 75 F.3d 1069, 1079 (6th Cir.1996); see *Reeb v. Ohio Dept. of Rehabilitation & Corr.,* 435 F.3d 639, 643 (6th Cir.2006) ("[A] district court maintains substantial discretion in determining whether to certify a class, as it possesses the inherent power to manage and control its own pending litigation"); *In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24, 41 (2nd Cir.2006), *decision clarified on denial of reh'g sub nom., In re Initial Pub. Offering Sec. Litig.*, 483 F.3d 70 (2nd Cir.2007) ("courts enjoy 'considerable discretion to limit both discovery and the extent of the hearing on Rule 23 requirements'") ; *see also*, generally, *Johns v. Blue Cross Blue Shield of Michigan*, Case No. 2:08-cv-12272, 2009 WL 910785 (E.D.Mich., March 31, 2009) (holding that a party's failure to comply with Fed.R.Civ.P. 6(b) dictated the denial of a late-filed opposition to a motion for Rule 23 class certification, particularly where the delay impacted the court's ability to decide the motion in a timely manner).

Simply stated, Plaintiff's demand that Rule 23 class certification briefing occur only after discovery is completed to Plaintiff's satisfaction is in conflict with both the law as well as this Court's Order. Fed.R.Civ.P. 23(c)(1) is unambiguous: "At an ***early practicable time*** after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action" (emphasis added). This the Court has done via the dates set in its April 2, 2021 Order, by which Plaintiff failed to abide. There exists no persuasive argument to deviate from the Court's Order.

Plaintiff's second argument – that Defendants' alleged discovery failures support her requested briefing extension – are equally flawed. See Motion, p. 2. At the outset, it is undisputed that there are no discovery motions or disputes currently pending before the Court – a prerequisite to the existence of any claimed discovery deficiency. *See*, generally, Fed.R.Civ.P. 37 and Local Rule 37.1(a). In fact, pursuant to Local Rule 37.1(b), the deadline to raise any such issues with the Court relating to conditional certification discovery (i.e., May 20, 2021) has also passed without incident. And, as it relates to Plaintiff's May 5, 2021 letter purporting to identify certain discovery deficiencies, Defendants responded to said letter, in full, on May 24, 2021 (*see* May 24, 2021, correspondence attached as Exhibit A; attachments omitted).

Further, Defendants timely responded to Plaintiff's written discovery requests on April 12, 2021, in accordance with the Court's directive during the April 2, 2021, Case Management Conference (*see* April 12, 2021, correspondence attached as Exhibit B; attachments omitted). Plaintiff's claim that such responses were due on April 5, 2021, is incorrect and she was advised of that error on April 9, 2021 (*see* April 9, 2021, email correspondence attached as Exhibit C), to which Plaintiff raised no objection.

Similarly, Plaintiff was also advised on April 9, 2021 and April 12, 2021 that – due to the

voluminous nature of her discovery requests as well as Defendants' intent to produce responsive information and documentation (including electronically stored information) pertaining to the multiple, putative Opt-In Plaintiffs[3] – rolling document productions would necessarily be required. No objections were ever raised by Plaintiff to such production parameters. And, true to their word, to date Defendants have served Plaintiff with the production of over 6,000 pages of relevant, non-privileged documentation (see Exhibit B, April 12, 2021 document production correspondence; April 21, 2021 document production correspondence attached as Exhibit D; April 29, 2021 document production correspondence attached as Exhibit E; and May 7, 2021 correspondence relating to Defendants' complete production of relevant, non-privileged electronically stored information attached as Exhibit F).[4]

Finally, Plaintiff's claim that she requires "the completion of [Defendants' representatives'] depositions…before Plaintiff can move for Class Certification of her state claims under Rule 23" is – under the *Pioneer* standard – an error of her own doing. See *Pioneer*, 507 U.S. at 395 (one of the five factors to be balanced in determining "excusable neglect" is "whether the delay was within the reasonable control of the moving party"). To that end, Plaintiff did not broach the subject of deposing any of Defendants' representatives until May 11, 2021, the day after the Rule 23 class certification briefing deadline (see May 11, 2021 email correspondence attached as Exhibit G).

---

3   Charlotte Hartline was identified as a putative opt-in plaintiff on March 25, 2021 (see ECF #17), Amber Downard was identified as a putative opt-in plaintiff on April 14, 2021 (see ECF #28), Gloria Ocso was identified as a putative opt-in plaintiff on May 4, 2021 (*see* ECF # 29), Nukhet Viteri was identified as identified as a putative opt-in plaintiff on May 7, 2021 (*see* ECF # 30), and Katrina Stevens was identified as a putative opt-in plaintiff on May 10, 2021 (*see* ECF # 33).

4   By way of further background and context, Defendants' production of responsive, non-privileged electronically stored information required the processing of 95,759 files, the review of over 32,000 pages of documentation, from 13 email custodians, utilizing 21 search terms (see Exhibit F).

### III. CONCLUSION

Considering all of the relevant circumstances in this litigation, Plaintiff has failed to establish (1) that the Court's April 2, 2021 Order (ECF #23) requires any clarification or (2) that Plaintiff is entitled to leave for the untimely filing of her Motion for Rule 23 Class Certification. Based on the requirements of the Federal Rules of Civil Procedure (in conjunction with the Local Rules of the Northern District Court of Ohio), and the balance of the *Pioneer* equities, Plaintiff's Motion must be denied in its entirety.

Respectfully submitted,

*/s/ Mark S. Fusco*
Mark S. Fusco (Reg. No. 0040604)
 Email: mfusco@walterhav.com
 Direct Dial: 216-619-7839
Sara Ravas Cooper (Reg. No. 0076543)
 Email: scooper@walterhav.com
 Direct Dial: 216-928-2898
Joseph J. Brennan (Reg. No. 0085353)
 Email: jbrennan@walterhav.com
 Direct Dial: 216-928-2899

WALTER | HAVERFIELD LLP
1301 E. Ninth Street, Suite 3500
Cleveland, Ohio 44114
(216) 781-1212 telephone
(216) 575-0911 facsimile

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

A copy of the foregoing *Defendants' Memorandum in Opposition to Plaintiff's Motion for Clarification of Scheduling Order or Leave to File Motion for Rule 23 Class Certification* has been filed this 1st day of June, 2021, through the Court's electronic filing system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

                               */s/ Mark S. Fusco*
                               Mark S. Fusco

CERTIFICATION OF PAGE LIMITATION

(*ATTACHED*)

{23865 / 03799916 - 1}

| | | |
|---|---|---|
| STATE OF OHIO | ) | **AFFIDAVIT OF** |
| | ) SS: | **MARK S. FUSCO** |
| COUNTY OF CUYAHOGA | ) | |

MARK S. FUSCO, being first duly sworn, deposes and says as follows:

1. I am over 18 years of age, and I have personal knowledge of and am competent to testify as to the facts sworn to herein;

2. I am an attorney duly registered and qualified to act as an attorney in the State of Ohio and in the United States District Court, Northern District of Ohio;

3. I am one of the attorneys of record for Defendants, Saber Healthcare Holdings, LLC, Saber Healthcare Group, LLC, Multi-Care Management, Inc., and Aurora Manor Limited Partnership (all collectively, "Defendants"), in regard to the case of *Colleen Kuchar v. Saber Healthcare Holdings, LLC, et al.*, United States District Court, Northern District of Ohio, Eastern Division, Case No. 1:20-cv-02542, Judge James S. Gwin (the "Litigation");

4. Pursuant to the Court's April 2, 2021 Order [ECF # 23], this Litigation has been assigned to the Standard Track;

5. In further accordance with the Court's April 2, 2021 Order [ECF #25], I certify that *Defendants' Memorandum in Opposition to Plaintiff's Motion for Clarification of Scheduling Order or Leave to File Motion for Rule 23 Class Certification* adheres to the applicable page limitation for such motion practice; and

further, deponent sayeth naught.

_____
Mark S. Fusco

Sworn to before me this 1st day of June, 2021.

_____
Notary Public

SARA RAVAS COOPER, Atty.
Notary Public  State of Ohio
My Commission Has No Expiration Date
Section 147.03 O.R.C.

{03799780 - 1}