UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

| | : | |
|---|---|---|
| COLLEEN KUCHAR, | : | |
| | : | CASE NO. 1:20-cv-02542 |
| Plaintiff, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. 44] |
| SABER HEALTHCARE HOLDINGS, LLC, ET AL., | : | |
| | : | |
| Defendants. | : | |
| | : | |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Colleen Kuchar, along with two conditionally-certified FLSA collectives, sues her former employer and related entities for overtime and wage violations.[1] Plaintiff seeks reconsideration of this Court's conditional certification order.[2] Plaintiff requests an amendment to the Court-modified portion of the collective definition. Defendants oppose.[3]

For the following reasons, the Court **GRANTS** Plaintiffs' motion for reconsideration of the collective definition for Aurora Manor hourly nurses and **AMENDS** the collective definition.

I. Background

Plaintiff is a former employee at Aurora Manor Special Care Centre, a nursing, long-term care, and rehabilitation facility. She alleges that Defendants, limited liability companies and a limited partnership, are a joint employer. Plaintiff claims that she and

---

[1] Doc. 1; Doc. 11.
[2] Doc. 44.
[3] Doc. 45.

Case No. 1:20-cv-02542
Gwin, J.

similarly situated nurses at Aurora Manor and other Saber-affiliated facilities were paid insufficient overtime. She sues under the Fair Labor Standards Act (FLSA) and Ohio law.[4]

On July 9, 2021, this Court conditionally certified two FLSA collectives: a Nationwide MDS Nurse Collective, and an Aurora Manor Collective:[5]

> (1) Salaried MDS nurses and coordinators who worked more than 40 hours in one or more work weeks at any time but were not paid overtime in the three years preceding the date of the grant of conditional certification at any of the 122 facilities listed on Saber Healthcare Group, LLC's website and who have not executed arbitration agreements with Defendants; and
>
> (2) Hourly nurses at Aurora Manor who worked more than 40 hours in one or more work weeks at any time but were not paid overtime in the three years preceding the date of the grant of conditional certification and who have not executed arbitration agreements with Defendants.

In its order, the Court added the "but were not paid overtime" language to both collective definitions.[6]

Here, Plaintiff moves for reconsideration of the Aurora Manor collective definition. Plaintiff argues that the language "but were not paid overtime" is inconsistent with the Court's reasoning in conditionally certifying the Aurora Manor collective.[7]

## II. Discussion

This Court has "authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment."[8] Under Rule 54, a court may revise any order "that adjudicates fewer than all the claims or

---

[4] Doc. 11.
[5] Doc. 43.
[6] *Id.*
[7] Doc. 44.
[8] *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 Fed. Appx. 949, 959 (6th Cir. 2004)(unpublished).

-2-

Case No. 1:20-cv-02542
Gwin, J.

the rights and liabilities of fewer than all the parties" at any time before final judgment.[9] This authority allows courts to reconsider interlocutory orders "as justice requires."[10] "Reconsideration is usually justified when there is an intervening change in controlling law, newly available evidence, or a need to correct a clear error or prevent manifest injustice."[11] This standard "vests significant discretion in district courts."[12]

Here, Plaintiffs move for reconsideration of one clause of the class definition as modified by this Court's conditional certification order.[13] Plaintiffs request this amendment to align the class definition with the Court's reasoning in granting class certification.[14]

In its July 9 order, the Court certified a class of Aurora Manor nurses who were allegedly denied overtime pay.[15] The Court held that Plaintiff's claim shared a common theory of statutory violations with that of Aurora Manor nurses alleging that they were not paid for overtime work or for lunch breaks they did not take. On those grounds, the court held that "Plaintiff meets the similarly situated standard at this stage."[16] The Court conditionally certified the collective and added "but were not paid overtime" to the collective definition.

In their motion to reconsider, Plaintiffs address an inconsistency between this Court's holding and the collective definition modification. The Court's reasoning explicitly

---

[9] Fed. R. Civ. P. 54(b).
[10] *Rodriguez*, 89 Fed. Appx. at 959 (quoting *Citibank N.A. v. Fed. Deposit Ins. Corp.*, 857 F. Supp. 976, 981 (D.D.C.1994)).
[11] *McCormack v. City of Westland, MI*, 18-2135, 2019 WL 4757905, at *2 (6th Cir. Apr. 15, 2019), *reh'g denied* (May 17, 2019).
[12] Rodriguez, 89 Fed. Appx. at 959 n.7.
[13] Doc. 44.
[14] *Id.* at 2.
[15] Doc. 43 at 9.
[16] *Id.*

-3-

Case No. 1:20-cv-02542
Gwin, J.

addressed the Aurora Manor nurses who were arguably not paid for lunch breaks. The definition modification, however, would exclude nurses who were deducted wages for lunch breaks they did not take, but were paid for their overtime hours exceeding 40 hours per week.[17] Amending the collective definition is necessary to correct that error.

Although motions for reconsideration are typically disfavored, granting this motion serves the interests of justice. Plaintiffs do not seek to present new evidence or arguments in their motion. Instead, they suggest a modification to better align the collective definition with the Court's reasoning. The Court finds that exercising its discretion to modify the interlocutory order is appropriate at this time.

Defendants can move to decertify the collective with evidence that the Aurora Manor collective members are not sufficiently similarly situated.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion for reconsideration of the collective definition for Aurora Manor hourly nurses. The Court's Order conditionally certifying two FLSA collectives is **AMENDED** to the following:

> (1) Salaried MDS nurses and coordinators who worked more than 40 hours in one or more work weeks at any time but were not paid overtime in the three years preceding the date of the grant of conditional certification at any of the 122 facilities listed on Saber Healthcare Group, LLC's website and who have not executed arbitration agreements with Defendants; and
>
> (2) Hourly nurses at Aurora Manor who worked more than 40 hours in one or more work weeks at any time in the three years preceding the date of the grant of conditional certification and who have not executed arbitration agreements with Defendants.

---

[17] Doc. 44 at 2.

Case No. 1:20-cv-02542
Gwin, J.

IT IS SO ORDERED.

Dated: September 8, 2021          *s/    James S. Gwin*
                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE