UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------------

|  |  |  |
|---|---|---|
| | : | |
| COLLEEN KUCHAR, | : | |
| | : | CASE NO. 1:20-cv-02542 |
| Plaintiff, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Docs. 46, 47] |
| SABER HEALTHCARE HOLDINGS, | : | |
| LLC, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

------------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Colleen Kuchar sues her former employer and related entities, for unpaid overtime and wage-related violations.[1]  This Court conditionally certified two collectives under the Fair Labor Standards Act.[2]  The parties met and conferred on notice form and content but were unable to reach agreement.  Both sides submitted proposed distribution plans and Notice and Consent to Join forms.[3]

For the following reasons, the Court **APPROVES** Plaintiff's proposed distribution plan and proposed Notice and Consent to Join Forms once they are amended to conform with this order.

The Court **DIRECTS** Defendant to provide Plaintiff with a roster of all potential opt-in plaintiffs within ten days of this order.  The Court further **ORDERS** Notice and Consent to Join forms to be sent within fourteen days of Plaintiff receiving Defendant's roster.

I.        **Opt-In Methods**

---

[1] Doc. 1; Doc. 11.
[2] Doc. 43.
[3] Doc. 46; Doc. 47.

Case No. 1:20-cv-02542
Gwin, J.

Plaintiff seeks to allow opt-in by mail, email, fax, text message, or electronic signing at a website, while Defendants seek to restrict the options only to mail, email, or fax.[4]

Plaintiff may create a website for potential opt-in plaintiffs to electronically sign a Consent to Join form.[5]  Opt-in by text message, however, is not permitted.

## II.      Recipients

Defendants propose restricting notice to employees who did not sign binding arbitration agreements.[6]

In the Sixth Circuit, "employees who do not sign individual arbitration agreements are free to sue collectively, and those who do sign individual arbitration agreements are not."[7]

While arbitration agreements were traditionally not considered until the decertification stage, "our intra-circuit district courts have begun to consider evidence of such agreements earlier in the lifespan of a FLSA case."[8]  The Sixth Circuit law on this issue is currently unsettled.[9]  The Fifth and Seventh Circuits, however, have held that arbitration agreements should be considered at the notice stage.[10]

The Court exercises its discretion to follow the emerging trend. Plaintiff should not send notice to employees with binding arbitration agreements.  Defendants have the

---

[4] Doc. 46-2 at 2; Doc. 47-2 at 1.
[5] *Vasser v. Mapco Express, LLC,* 3:20-CV-00665, 2021 WL 2661136, at *6 (M.D. Tenn. June 29, 2021).
[6] Doc. 46-2 at 1, Doc. 46-3 at 1.
[7] *Gaffers v. Kelly Services, Inc.,* 900 F.3d 293, 296 (6th Cir. 2018).
[8] *Holder v. A&L Home Care and Training Ctr., LLC,* 1:20-CV-757, 2021 WL 3400654, at *11 (S.D. Ohio Aug. 4, 2021).
[9] *Id.*; *York v. Velox Express, Inc.,* 3:19-CV-092, 2021 WL 918768, at *3 (W.D. Ky. Mar. 10, 2021).
[10] *In re JPMorgan Chase & Co.,* 916 F.3d 494, 501 (5th Cir. 2019); *Bigger v. Facebook, Inc.,* 947 F.3d 1043, 1050 (7th Cir. 2020).

Case No. 1:20-cv-02542
Gwin, J.

burden to show valid arbitration agreements.[11]  Plaintiff may challenge the existence and

validity of the arbitration agreements.[12]

### III.    Other Amendments to Proposed Notice and Consent to Join Forms

In overseeing notice, "courts must be scrupulous to respect judicial neutrality" and

"avoid even the appearance of judicial endorsement of the merits of the action."[13]

The Court finds that several amendments Defendants propose are appropriate to

preserve judicial neutrality.  The third paragraph of the section "Description of the Action"

should be amended to read:

> This collective action is in its early stages. The Court has not
> decided whether Plaintiff is correct or whether Defendants
> are correct. The right to any recovery has not been established
> and is not guaranteed or certain. Your decision to participate
> in this lawsuit does not guarantee that you will receive any
> money.[14]

Defendants propose adding contact information for defense counsel to the form, but

that addition is unnecessary because it does not "offer[] any useful information to

prospective plaintiffs."[15]

Once amended to conform with this order, the notice will accurately describe the

suit and preserve judicial neutrality.

### IV.    Distribution Plan

---

[11] *Holder,* 2021 WL 3400654 at *8.
[12] *York,* 2021 WL 918768 at *5.
[13] *Hoffmann-La Roche Inc. v. Sperling,* 493 U.S. 165, 174 (1989).
[14] *Swigart v. Fifth Third Bank,* 276 F.R.D. 210, 214 (S.D. Ohio 2011).
[15] *Hall v. U.S. Cargo and Courier Serv., LLC,* 299 F. Supp. 3d 888, 899 (S.D. Ohio 2018) (quoting *Gomez v. ERMC Prop. Mgt. Co., LLC,* 3:13-CV-01081, 2014 WL 3053210, at *1 (N.D. Ohio July 7, 2014)).

Case No. 1:20-cv-02542
Gwin, J.

The Court approves Plaintiff's request for notice by mail and email.  The Court has "discretion in deciding how notice is disseminated."[16]  Northern District of Ohio courts routinely authorize notice by email.[17]  Email "is an inexpensive, non-invasive, effective way to ensure that notice is received in a timely manner."[18]

## V.    Conclusion

The Court **APPROVES** Plaintiff's proposed distribution plan and Plaintiff's proposed Notice and Consent to Join forms once they are amended to conform with this order.[19]

The Court **DIRECTS** Defendant to provide Plaintiff with a roster of all potential opt-in plaintiffs, including their full names, their dates of employment, job titles, their last known home addresses, phone numbers, and their personal email addresses within ten days of this Order.  The Court further **ORDERS** Notice and Consent to Join forms to be sent within fourteen days of Plaintiff receiving Defendant's roster.

The Court **ORDERS** a 60-day opt-in period.  The Court also **ORDERS** the parties to file a joint status report within 14 days of the close of the opt-in period.

IT IS SO ORDERED.

Dated:  September 21, 2021                           s/    James S. Gwin
                                                                      JAMES S. GWIN
                                                                      UNITED STATES DISTRICT JUDGE

---

[16] *Staggs v. Fuyao Glass Am., Inc.*, 3:17-CV-191, 2018 WL 840178, at *2 (S.D. Ohio Feb. 8, 2018).
[17] *See, e.g.*, *Byerly v. Robin Indus., Inc.*, No. 1:19-CV-1004, 2019 WL 4256390, at *4 (N.D. Ohio Sept. 9, 2019); *Wright v. Physicians & Surgeons Ambul. Serv., Inc.*, 5:18-CV-372, 2018 WL 4519892, at *3 (N.D. Ohio Sept. 21, 2018).
[18] *Brandenburg v. Cousin Vinny's Pizza, LLC*, 3:16-CV-516, 2017 WL 3500411, at *5 (S.D. Ohio Aug. 15, 2017).
[19] Doc. 47.

-4-