UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| COLLEEN KUCHAR, | : | CASE NO. 1:20-cv-02542 |
| | : | |
| Plaintiffs, | : | OPINION & ORDER |
| | : | [Resolving Doc. 54] |
| v. | : | |
| | : | |
| SABER HEALTHCARE | : | |
| HOLDINGS LLC, et al., | : | |
| | : | |
| Defendants. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Colleen Kuchar makes overtime and wage claims against her former employer and against related employers.[1] With her motion to certify her Ohio law claims as a class action, Kuchar seeks to represent herself and other Aurora Manor hourly nurses for unpaid worktime during lunch breaks.[2]

From 2012 to 2020, Plaintiff Kuchar worked at Aurora Manor Special Care Centre, a nursing and care facility. With her class action claims, Plaintiff alleges that Defendants violated Ohio law by automatically deducting a half-hour lunch break despite knowledge that nurses' job duties frequently required them to work through lunch.[3]

Plaintiff moves for Rule 23 certification of a class of Aurora Manor hourly nurses. For the following reasons, the Court **GRANTS** the certification motion.

I.  Background

---
[1] Doc. 1; Doc. 11.
[2] Doc. 11 at ¶¶ 64-66, 83-93; Doc. 54.
[3] Doc. 11 at ¶¶ 65-66, 87-88.

Case No. 1:20-cv-02542
GWIN, J.

This Court earlier conditionally certified two collective actions under the Fair Labor Standards Act ("FLSA"): a nationwide collective at affiliated facilities and a collective at Aurora Manor.[4] Now, Plaintiff seeks to certify a class action under Federal Rule of Civil Procedure 23.[5] The proposed class would consolidate hourly nurses state-law claims at Aurora Manor. Plaintiff proposes the following class definition:

> Hourly nurses who worked in one or more workweeks at Aurora Manor Special Care Centre any time between November 11, 2018 and the present and have not executed an arbitration agreement with Defendants.

With her Ohio law claims, Plaintiff alleges that Defendants violated Ohio wage-and-hour laws by automatically subtracting hourly pay for a lunch break even though many employees worked all or part of the unpaid lunch break ("the Meal Break Policy"). Under this policy, every hourly employee who works more than five hours has a thirty-minute lunch break automatically deducted from their paid time.[6]

Although lunch breaks are automatically deducted from pay, lunch breaks are not built into employee schedules. In describing this, the head Aurora Manor administrator testified that Aurora Manor does not schedule workday hourly employee meal periods.[7] The class members testify that job demands prevented them from being able to take lunch breaks. While serving as a floor nurse, Plaintiff Kuchar testified that she rarely took a lunch break because of insufficient facility staffing.[8] Once Kuchar became an MDS nurse, she ate at her

---

[4] Doc. 43.
[5] Doc. 54.
[6] Doc. 54-4; Savoy Deposition Transcript (Savoy Tr.), Doc. 60 at 86:14-86:18.
[7] Savoy Tr., Doc 60 at 87:13-87:15.
[8] Kuchar Deposition Transcript (Kuchar Tr.), Doc. 57 at 20:1-20:17.

Case No. 1:20-cv-02542
GWIN, J.

desk while working.[9]  Class Member floor nurse Gloria Osco also testified that she regularly "did not have time to go for a break" from desk work at lunch.[10]

Under the Defendants' Meal Break Policy, employees were told to report missed lunch breaks using the Missed Punch Authorization Form.[11]  The specifics of this reporting system remain somewhat unclear.  The form that Defendants say was used does not have a space for indicating a missed lunch,[12] in contrast to an otherwise nearly identical form from a different Saber facility.[13]  Class Member Katrina Stevens testified that the form was for beginning and end time, not for a missed lunch break, as there was no form space to mark a missed lunch break.[14]

The human resources director, who charged with monitoring punch times and entering the missed punch forms, testified to not recalling getting a missed punch form describing a missed lunch.[15]  The head administrator, who reviews the missed punch forms with the human resources director, also did not know if Aurora Manor employees have turned in forms for lunch break compensation.[16]

## II. Legal Standard

Rule 23 of the Federal Rules of Civil Procedure controls federal class action lawsuits. Under the Rule, a court may certify a class action if the class seeking certification meets Rule 23(a)'s procedural requirements, and if certification is appropriate under Rule 23(b)(1), (b)(2), or (b)(3).[17]

---

[9] *Id.* at 55:6-55:8.
[10] Osco Deposition Transcript (Osco Tr.), Doc. 54-8 at 2:22-3:3.
[11] Doc. 54-11; Doc. 54-4.
[12] Doc. 54-11.
[13] Doc. 54-12.
[14] Stevens Deposition Transcript (Stevens Tr.), Doc. 62 at 21:15-21:23, 22:17-23:3.
[15] Edwards Deposition Transcript (Edwards Tr.), Doc. 63 at 14:20-14:23, 30:7-30:22.
[16] Savoy Tr., Doc. 60 at 92:5-92:9.
[17] Fed. R. Civ. P. 23.

Case No. 1:20-cv-02542
GWIN, J.

Plaintiffs must "affirmatively demonstrate" compliance with each of these requirements.[18] As a result, courts should undertake "rigorous analysis," which may "overlap with the merits of the plaintiff's underlying claim."[19] But courts should consider the merits of the case only to the extent "that they are relevant to determining whether the Rule 23 class certification prerequisites are satisfied."[20]

Rule 23(a) sets forth the four prerequisites to class certification: (1) the class must be so numerous that "joinder of all members is impracticable"; (2) there must be "questions of law or fact common to the class"; (3) the claims of the representative party must be "typical" of those of the class; and (4) the representative party must "fairly and adequately protect the interests of the class."[21]

"No class that fails to satisfy all four of the prerequisites of Rule 23(a) may be certified, and each class meeting those prerequisites must also pass at least one of the tests set forth in Rule 23(b)."[22]

Here, Plaintiffs seek certification under Rule 23(b)(3), which requires showing that (1) common questions of law and fact "predominate" over individual members questions; and (2) the class action device is the "superior" method of resolving the controversy.[23]

The Court has "broad discretion to decide whether to certify a class."[24]

III. Discussion

---

[18] *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).
[19] *Comcast Corp. v. Behrend, U.S.*, 569 U.S. 27, 33-34 (2013) (quoting *Dukes*, 564 U.S. at 351).
[20] *Amgen Inc. v. Conn. Retirement Plans and Trust Funds*, 568 U.S. 455, 466 (2013).
[21] Fed. R. Civ. P. 23(a).
[22] *Sprague v. General Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998).
[23] Fed. R. Civ. P. 23(b).
[24] *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 536 (6th Cir. 2012).

Case No. 1:20-cv-02542
GWIN, J.

Plaintiff Kuchar meets the numerosity, commonality, typicality, and adequacy prerequisites under Rule 23(a). Plaintiff also shows the two requirements for a Rule 23(b)(3 class: predominance and superiority. Finally, Plaintiff shows that the class is ascertainable.

Although Plaintiff brings Ohio law claims, the Court follows Sixth Circuit precedent by drawing on FLSA standards in its analysis.[25]

### A. Numerosity

Rule 23(a) requires that "the class is so numerous that joinder of all members is impracticable."[26] This requirement does not involve a "strict numerical test."[27] Instead, courts look to the specific facts of the case.[28] Generally, a class with less than 20 members does not meet numerosity requirements, while a class of greater than 40 members is sufficient.[29]

According to the FLSA roster Defendants produced, 150 hourly nurses worked at Aurora Manor in the relevant time period.[30] Defendants do not dispute numerosity.[31] Plaintiff meets this requirement.

### B. Commonality

Rule 23 also requires "questions of law or fact common to the class."[32] Plaintiffs' claims "must depend upon a common contention" which is "capable of classwide resolution."[33] To meet this requirement, plaintiffs must show that the litigation can produce

---

[25] See *Craig v. Bridges Bros. Trucking LLC,* 823 F.3d 382, 385 n.1 (6th Cir. 2016) (stating that Ohio Rev. Code § 4113.15 claim can be evaluated together with a FLSA claim); *see also* Ohio Rev. Code Ann. § 4111.03(A) (incorporating FLSA standards); *see also* Doc. 54-1 at 7 (describing claim under Ohio Rev. Code Ann. § 4111.03 as "identical to the FLSA claim").
[26] Fed. R. Civ. P. 23(a)(1).
[27] *In re Whirlpool Corp. Front-Loading Washer Products Liab. Litig.,* 722 F.3d 838, 852 (6th Cir. 2013).
[28] *Id.*
[29] William B. Rubenstein, *Newberg on Class Actions* § 3.12 (5th ed.).
[30] Doc. 54-15; Doc. 54-1 at 14.
[31] Doc. 66.
[32] Fed. R. Civ. P. 23(a)(2).
[33] *Dukes,* 564 U.S. at 350.

- 5 -

Case No. 1:20-cv-02542
GWIN, J.

common answers to common questions.[34] At the certification stage, commonality depends on "whether Plaintiffs have shown, for purposes of Rule 23(a)(2), that they *can prove*—not that have already shown—that all members of the class have suffered the 'same injury.'"[35]

Commonality is satisfied here because the litigation involves two common questions that are capable of common resolution under Sixth Circuit law.

The Meal Break Policy's legality turns on the Sixth Circuit's *White v. Baptist Memorial Health Care Corporation* decision.[36] Under *White*, an automatic meal-break deduction system is not a *per se* FLSA violation. For a legal meal-break policy, the employer must "establish[] a reasonable process" for reporting missed meals.[37] In addition, *White* distinguishes cases involving "situations where the employer prevented the employees from reporting overtime or were otherwise notified of the employees' unreported work."[38]

In a later case, *Craig v. Bridges Brothers Trucking LLC*, the Sixth Circuit emphasized that automatic meal break deduction systems are unlawful when the employer has constructive knowledge of the uncompensated overtime.[39] Constructive knowledge exists where an employer would become aware of employee's uncompensated worktime by exercising reasonable diligence.[40] Under *Craig*, constructive knowledge establishes FLSA liability.[41]

---

[34] *Id.*
[35] *Rikos v. Procter & Gamble Co.*, 799 F.3d 497, 505 (6th Cir. 2015) (quoting *Dukes*, 564 U.S. at 350).
[36] 699 F.3d 869 (6th Cir. 2012).
[37] *Id.* at 876.
[38] *Id.*
[39] 823 F.3d 382, 389 (6th Cir. 2016).
[40] *Id.* at 388-89.
[41] *Id.*

Case No. 1:20-cv-02542
GWIN, J.

Under *White* and *Craig*, an automatic meal break deduction system becomes unlawful if (1) the employer had no reasonable process to report worked lunch periods, or (2) the employer had actual or constructive knowledge of the uncompensated worktime.

Within this legal framework, a class action is appropriate to resolve two common questions. First, was the Meal Break Policy reasonable? Second, did Defendants have actual or constructive knowledge that hourly nurses were working through lunch without compensation?

Plaintiff presents evidence showing that both common questions are capable of common resolution. For example, the Aurora Manor form for unscheduled overtime had no space for marking a missed lunch break.[42] In contrast, a different Saber facility used a form that was otherwise nearly identical but with a "No Lunch Taken" space to mark missed lunches.[43] The Aurora Manor form is evidence a jury could use to determine whether the missed-mealtime system was reasonable.

Aurora Manor's scheduling policies also allow common resolution of reasonableness. Employees do not have scheduled lunch breaks, and the human resources director does not know if employees are allowed to schedule lunch breaks.[44] A jury could also consider training program evidence to determine common answers to the reasonableness question. On their first day of work, Aurora Manor employees were expected to train themselves on seventy-eight policies, including the meal break policy.[45]

---

[42] Doc. 54.11.
[43] Doc. 54-12.
[44] Savoy Tr., Doc. 60 at 87:13-87:15; Edwards Tr., Doc. 63 at 26:6-26:8.
[45] Doc. 54-6; Edwards Tr., Doc. 63 at 17:11-18:20, 26:9-26:15.

Case No. 1:20-cv-02542
GWIN, J.

Taken together, the form, scheduling policy, and training policy evidence suggest that reasonableness can be decided at the policy level, allowing generalized rather than individualized determination.

Like reasonableness, constructive knowledge is also capable of common resolution. The Sixth Circuit has said that constructive knowledge is an issue best suited to a jury.[46] At this class-certification stage, we examine whether Plaintiffs' evidence sufficiently shows that constructive knowledge is capable of common resolution in this case.

Here, Plaintiff provides evidence suggesting constructive knowledge. Plaintiff Kuchar and Class Member Stevens declared that because of job demands, "most hourly nurses at Aurora Manor were rarely able to take a full lunch break, and generally took no lunch break whatsoever."[47] They also declared that management "was well-aware of nurses rarely receiving a lunch break."[48] Plaintiff Kuchar declared that she is aware of at least five nurses who verbally complained to their supervisors.[49] Class Member Stevens also testified about verbal complaints to supervisors and Stevens testified that Ashley Savoy, the head administrator, was aware of nurses' missed lunch breaks.[50]

Plaintiff's constructive knowledge evidence does not rely on "employees' unique experiences" to show that Defendants were on notice of the unpaid worktime.[51] By its nature, notice to Defendants that class member nurses were not reporting not-used lunchtime work, deals with general evidence.

---

[46] *Craig*, 823 F.3d at 391-92.
[47] Stevens Declaration, Doc. 54-9 at ¶ 7; Kuchar Declaration, Doc. 54-10 at ¶ 18.
[48] Stevens Declaration, Doc. 54-9 at ¶ 10; Kuchar Declaration, Doc. 54-10 at ¶ 24.
[49] Kuchar Declaration, Doc. 54-10 at ¶ 23.
[50] Stevens Tr., Doc. 62 at 23:25-24:19.
[51] *Frye v. Baptist Meml. Hosp., Inc.*, 495 Fed. Appx. 669, 673 (6th Cir. 2012) (unpublished).

Case No. 1:20-cv-02542
GWIN, J.

Plaintiff present general evidence about job demands, scheduling practices, and staffing levels.[52] In claiming that lunchtime work was regular, Plaintiff suggests Defendants had constructive knowledge of the work during lunchtime practice. Plaintiff shows testimony and declarations that management received notice of the general hourly nurses issue.[53]

Plaintiffs challenge a single policy at a single facility. The policy applied to all hourly employees at that facility.[54] The policy was unlawful if it was not reasonable or if Defendants had actual or constructive knowledge of uncompensated lunches. Classwide resolution can determine whether one or both of those conditions applied, making the Meal Break Policy unlawful. The commonality requirement is satisfied.

### C. Typicality

Plaintiffs also must show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class."[55] "A claim is typical if 'it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.'"[56] In other words, "as goes the claim of the named plaintiff, so go the claims of the class."[57]

Plaintiff Colleen Kuchar worked as an hourly employee. All hourly employees worked under the Meal Break Policy.[58] The policy itself provides the common issue: whether

---

[52] Kuchar Tr., Doc. 57 at 20:1-21:2, 54:14-54:18; 55:2-56:8, 56:24-57:13; Osco Tr., Doc. 58 at 20:25-21:17; Stevens Tr., Doc. 62 at 22:3-23:3.
[53] Stevens Tr., Doc. 62 at 23:15-24:19; Stevens Declaration, Doc. 54-9 at ¶¶ 7-10; Kuchar Declaration, Doc. 54-10 at ¶ 18-25.
[54] Edwards Tr., Doc. 63 at 25:7-25:9.
[55] Fed. R. Civ. P. 23(a)(3).
[56] Beattie v. CenturyTel, Inc., 511 F.3d 554, 561 (6th Cir. 2007) (quoting In re Am. Med. Sys., Inc., 75 F.3d 1069, 1082 (6th Cir. 1996)).
[57] Sprague v. Gen. Motors Corp., 133 F.3d 388, 399 (6th Cir. 1998).
[58] Edwards Tr., Doc. 63 at 25:7-25:9.

- 9 -

Case No. 1:20-cv-02542
GWIN, J.

the Meal Break Policy was reasonable and whether Defendants had collective knowledge of unpaid lunch breaks.

Defendants correctly say that Kuchar's specific nursing role involved different duties than other nurses. Those differences do not defeat class certification. Plaintiff Kuchar declares that the Meal Break Policy was unlawful because employees lost pay for lunch breaks they were not able to take, and because management knew that employees were working through unpaid lunch breaks.[59] The class members who worked as floor nurses assert the same harm under the same theory.[60] Differences in job title do not defeat typicality.[61]

Plaintiff Kuchar and all other hourly nurses were subject to the same policy, and they assert harm under the same legal theory. Plaintiff meets the typicality requirement.

### D. Adequacy

Rule 23 requires plaintiffs to show that "the representative parties will fairly and adequately protect the interests of the class."[62] Adequacy involves two requirements: "1) the representative must have common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel."[63]

---

[59] Kuchar Declaration, Doc. 54-10 at ¶¶ 17-25.
[60] Stevens Declaration, Doc. 54-9 at ¶¶ 7-10; Osco Tr., Doc. 58 at 20:25-21:17, Stevens Tr., Doc. 62 at 22:3-23:3.
[61] *See, e.g., Myers v. Marietta Mem'l Hosp.*, 2:15-CV-2956, 2018 WL 4932087, at *7-*8 (S.D. Ohio Sept. 10, 2018).
[62] Fed. R. Civ. P. 23(a)(4).
[63] *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 543 (6th Cir. 2012) (quoting *In re Am. Med. Sys. Inc.*, 75 F.3d 1069, 1083 (6th Cir. 1996)).

- 10 -

Case No. 1:20-cv-02542
GWIN, J.

The Court finds that Plaintiff Kuchar's interests are aligned with the class.[64] She alleges the same injury as class members: unpaid worktime during the automatically deducted lunch break. She also seeks the same relief that class members would likely pursue.

The Court also finds that class counsel are "qualified, experienced and generally able to conduct the litigation."[65] Counsel files declarations showing significant plaintiff wage actions experience, including class action experience.[66] Defendants do not argue otherwise. The Court also finds that Plaintiff's counsel has competently litigated the case up to this point. Plaintiff meets the adequacy requirement.

### E. Predominance

After meeting the four Rule 23(a) prerequisites, plaintiffs also must show that the litigation falls within one of the Rule 23(b) categories. Here, plaintiffs invoke the third category, which requires them to show that: (1) common legal or factual questions "predominate" over individual questions, and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."[67]

"To meet the predominance requirement, a plaintiff must establish that issues subject to generalized proof and applicable to the class as a whole predominate over those issues that are subject to only individualized proof."[68]

As described above in the commonality analysis, reasonableness and constructive knowledge can be determined through generalized inquiry. In response, Defendants say that constructive knowledge involves individual issues. But the issue of whether an

---

[64] *See Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 563 (6th Cir. 2007) (affirming that class representatives were adequate because there was "no indication of a conflict of interest between the named plaintiffs and the class members").
[65] *Young*, 693 F.3d at 543 (quoting *Stout v. J.D. Byrider*, 228 F.3d 709, 717 (6th Cir.2000) ).
[66] Doc. 54-17.
[67] Fed. R. Civ. P. 23(b)(3).
[68] *Young*, 693 F.3d at 544 (quoting *Randleman v. Fid. Nat. Title Ins. Co.*, 646 F.3d 347, 352-53 (6th Cir. 2011)).

Case No. 1:20-cv-02542
GWIN, J.

employer had constructive knowledge of unpaid worktime can be resolved collectively.[69] While individual questions may arise, they do not predominate over the general question of whether Defendants "should have discovered [the unpaid worktime] through the exercise of reasonable diligence."[70]

This is especially true where an employer uses a standard unpaid lunch policy for all class members.

Individualized damages questions also do not defeat a predominance finding. "[W]hen adjudication of questions of liability common to the class will achieve economies of time and expense, the predominance standard is generally satisfied even if damages are not provable in the aggregate."[71]

### IV.     Superiority

Plaintiffs also succeed in showing that a class action is superior for resolving the state-law claims. "The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights."[72] A class action is not a superior device in a case involving "many individualized inquiries."[73] "However, where a threshold issue is common to all class members, class litigation is greatly preferred."[74]

Plaintiffs meet the superiority requirement because of the low value of individual claims. Class actions are superior where "class members are not likely to file individual

---

[69] *See, e.g., United States Department of Labor v. Five Star Automatic Fire Protection, L.L.C.*, 987 F.3d 436, 444 (5th Cir. 2021).
[70] *Craig*, 823 F.3d at 388. (quoting *Carlisle Equip. Co. v. U.S. Sec'y of Lab. and Occupational Safety*, 24 F.3d 790, 793 (6th Cir. 1994)).
[71] *Hicks v. State Farm Fire and Cas. Co.*, 965 F.3d 452, 460 (6th Cir. 2020) (quoting *In re Whirlpool Corp. Front-Loading Washer Products Liab. Litig.*, 722 F.3d 838, 850 (6th Cir. 2013)).
[72] *Young*, 693 F.3d at 545 (quoting *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 617 (1997))
[73] *Id.*
[74] *Id.*

Case No. 1:20-cv-02542
GWIN, J.

actions" because "the cost of litigation would dwarf any potential recovery."[75] Plaintiff Kuchar's hourly wage as a floor nurse was $18.65.[76] Pay for half-hour lunch breaks would need to be aggregated many times over to justify the cost of litigation. A class action is superior to many individual actions by hourly nurses for low-value claims.

## V. Ascertainability

"Rule 23(b)(3) classes must also meet an implied ascertainability requirement."[77] This means that the "class definition must be sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member of the proposed class."[78] In the ascertainability inquiry, a court may look to whether the class can be determined through reference to "objective criteria."[79]

The class definition here is administratively feasible because it is based on objective criteria: job status, time period, and lack of an arbitration agreement. This class definition also aligns with Plaintiff's legal theory. According to the Aurora Manor human resources director, all nurses are hourly employees.[80] The Meal Break Policy applies to all hourly employees.[81] The harms that Plaintiff alleges arise from the policy. Because all hourly nurses were subject to the policy, the class is ascertainable.

## VI. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for class certification. The Court **CERTIFIES** the following Rule 23(b)(3) class:

---

[75] *In re Whirlpool Corp.*, 722 F.3d at 861.
[76] Kuchar Tr., Doc. 54-7 at 3:8-3:11.
[77] *Hicks v. State Farm Fire and Cas. Co.*, 965 F.3d 452, 464 (6th Cir. 2020) (quoting *Sandusky Wellness Ctr., LLC v. ASD Specialty Healthcare, Inc.*, 863 F.3d 460, 466 (6th Cir. 2017)).
[78] *Id.* (quoting *Young*, 693 F.3d at 537-38).
[79] *Id.* at 465.
[80] Edwards Tr., Doc. 63 at 9:3.
[81] Savoy Tr., Doc. 60 at 86:14-86:18; Edwards Tr., Doc. 63 at 25:7-25:9.

Case No. 1:20-cv-02542
GWIN, J.

> Hourly nurses who worked in one or more workweeks at Aurora Manor Special Care Centre any time between November 11, 2018 and the present and have not executed an arbitration agreement with Defendants.

The Court **APPOINTS** the named Plaintiff as class representative. Further, after considering the Rule 23(g) factors, the Court **APPOINTS** Tittle & Perlmuter and the Fuchs Firm as class counsel.

The Court **ORDERS** Defendants to provide Plaintiff with the name, last known home address (including zip code), last known telephone number, last known email address, and dates of employment of all individuals within the above-defined class. Saber is to provide this information to the Plaintiffs within fifteen days of this order.

IT IS SO ORDERED.

Dated: October 4, 2021  *s/  James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE