**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| COLLEEN KUCHAR, | ) | CASE NO. 1:20-cv-2542 |
| Plaintiff, | ) | |
| v. | ) | JUDGE DAVID A. RUIZ |
| SABER HEALTHCARE HOLDINGS, LLC, *et al.*, | ) | **ORDER** |
| Defendants. | ) | |

On February 26, 2021, Plaintiff filed her First Amended Complaint. (R. 11). On April 1, 2021, Defendants filed a First Amended Answer ("Answer") to the Amended Complaint. (R. 20). The Answer's affirmative defenses included the following:

> 10. Plaintiff's claims, and those of any individuals she purports to represent, are barred due to a lack of entitlement to receive overtime compensation, based on applicable exemptions under the FLSA and/or Revised Code.
>
> \*\*\*
>
> 14. Plaintiff's claims, and those of any individuals she purports to represent, are barred, in whole or in part, by the exemptions, exclusions, or exceptions, and credits provided by the Ohio Revised Code and/or the FLSA, 29 U.S.C. § 207.

(R. 20, PageID# 187-88).

Discovery deadlines were initially set for December 27, 2021. (R. 23). On July 9, 2021, the District Judge previously assigned to this matter conditionally certified Plaintiff's Fair Labor Standards Act (FLSA) collective action. (R. 43). On October 4, 2021, that District Judge granted

Plaintiffs' motion for class certification. (R. 70).

On January 27, 2022, Plaintiff filed a "Motion to Bar Defendants from Arguing or Offering Evidence of FLSA Exemptions." (R. 86). Defendants filed an opposition brief (R. 100), to which Plaintiff filed a reply. (R. 101). Plaintiff asserts that Defendants' Answer fails to disclose any specific asserted overtime exemption, and that Defendants "subsequently evaded substantively answering written and testimonial discovery regarding exemptions for the first six months of discovery… caus[ing] Plaintiff to take and defend seven depositions without the benefit of information that Defendants were unequivocally obligated to produce." (R. 86, PageID# 2423).

Since then, this matter has been reassigned to the undersigned District Judge.

The Court finds the Answer put Plaintiff sufficiently on notice of Defendants' claimed affirmative defenses. Similarly in *Stephenson v. Fam. Sols. of Ohio, Inc.*, No. 1:18CV2017, 2021 WL 795551, at *14 (N.D. Ohio Mar. 2, 2021) (Barker, J.), the Court found that Defendants' general affirmative defense of "statutory exclusions" was sufficient, and Defendants did not forfeit the administrative exemption defense by failing to specifically plead it.[1]

With respect to Plaintiff's allegations of discovery "gamesmanship," the Court notes that the docket fails to indicate any discovery dispute brought to the Court's attention *by Plaintiffs*.[2]

---

[1] In *Stephenson*, the Answer stated that "Plaintiffs' claims and those of the putative class or collective members are barred, in whole or in part, by any statutory exclusions, or credits under the Ohio wage and hour statute (O.R.C. § 411.03 et seq.) or the FLSA." *Id*.

[2] The only Notice of Discovery Dispute referenced on the docket in this action was brought to the Court's attention by Defendants. (R. 41). That dispute regarding discovery depositions was referred to the undersigned in my prior capacity as a magistrate judge. (R. 42). It did not involve the issues now raised by Plaintiff, and the undersigned determined that the alleged dispute was not ripe given that Plaintiff's counsel indicated he intended to adhere to the fifteen (15) hour deposition time limit set in the CMC Order. (R. 48, PageID# 811).

The Court declines to essentially impose discovery sanctions on Defendants where Plaintiff did not raise any discovery dispute with the Court in a timely manner.

Therefore, the Motion to Bar Defendants from Arguing or Offering Evidence of FLSA Exemptions (R. 86) is hereby DENIED, for the foregoing reasons.

IT IS SO ORDERED.

*s/ David A. Ruiz*
David A. Ruiz
United States District Judge

Date: September 28, 2022