UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| COLLEEN KUCHAR, on behalf of herself and all others similarly situated, | ) ) ) | CASE NO. 1:20-cv-02542 |
| | ) | JUDGE DAVID A. RUIZ |
| Plaintiff, | ) ) ) | MAGISTRATE JUDGE JENNIFER DOWDELL ARMSTRONG |
| v. | ) ) | |
| SABER HEALTHCARE GROUP, LLC, et al., | ) ) ) | **ORDER GRANTING APPROVAL OF COLLECTIVE ACTION SETTLEMENT** |
| Defendants. | ) | |

Plaintiff Colleen Kuchar, on behalf of herself and all others similarly situated ("Plaintiff") and Defendants Saber Healthcare Group, LLC ("SHG"), and Aurora Manor Limited Partnership ("Aurora Manor") (collectively "Defendants"), have jointly moved the Court to approve the parties' proposed settlement pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and preliminarily approve the settlement pursuant to Fed. R. Civ. P. 23, approve a proposed notice to Class Members, and schedule a Fairness Hearing. Having reviewed the Agreement of Settlement and Release ("Agreement"), the parties' motion and exhibits, and the pleadings and papers filed in this Action, and for good cause therein established, the Court grants the joint motion as follows:

1.  This case was brought on November 11, 2020, alleging claims against Defendants for unpaid regular and overtime wages. The class and collective actions were brought on behalf of two groups of healthcare workers at Aurora Manor and facilities affiliated with SHG. The FLSA claims were pursued on behalf of: (1) salaried MDS nurses and coordinators who worked more than 40 hours in one or more work weeks at any time but were not paid overtime in the three

years preceding the date of the grant of conditional certification at any of the 122 facilities listed on SHG's website and who had not executed arbitration agreements with Defendants; and (2) hourly nurses at Aurora Manor who worked more than 40 hours in one or more work weeks at any time in the three years preceding the date of the grant of conditional certification and who had not executed arbitration agreements with Defendants.

2. For her claims on behalf of the MDS nurses, Plaintiff alleges that she and Saber's other MDS nurses were misclassified as salaried exempt under the Fair Labor Standards Act, and denied overtime pay for the hours they worked over 40 per workweek.

3. For her claims on behalf of Aurora Manor's hourly patient care staff, Plaintiff alleges that she and the other hourly patient care staff at Aurora Manor were not paid for all of the regular and overtime hours they worked through unpaid lunch breaks.

4. The named plaintiff, Colleen Kuchar, is a member of both groups as she worked for the Aurora Manor facility as both an hourly and MDS nurse.

5. On July 9, 2021, the Court conditionally certified this action as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216(b), based on two collectives. *See* OPINION AND ORDER, ECF No. 43, at page 9. There are a total of 19 Opt-In Plaintiffs across the two collectives.

6. Discovery was extensive. Both sides propounded and answered numerous and lengthy written discovery requests. Defendants produced more than 20,000 pages of personnel, timekeeping, wage, and similar records, and Plaintiff produced documents on behalf of herself and numerous opt-ins. Additional records were obtained by Plaintiff via subpoenas to Defendant's affiliated entity and a law firm that previously litigated a case involving Defendants. Further,

plaintiff obtained Defendants' Medicare Enrollment documents via a FOIA request to the Centers for Medicare & Medicaid Service.

7. Twenty-four depositions were taken during discovery in this case. Plaintiff took the depositions of individuals, including employees and facility administrators at Aurora Manor, and members of management at SHG. Defendants deposed named Plaintiff Colleen Kuchar, 10 opt-ins and class members, and Plaintiff's expert witness, Dr. Shane Thompson.

8. Motion practice was extensive and rigorous throughout this proceeding. Each class motion was opposed by Defendants and required lengthy briefing. Plaintiff filed a Motion for Reconsideration to expand the scope of the hourly nurse class, which was opposed and granted. *See* ECF Nos. 44, 45, and 56. Defendants raised a discovery dispute that was heard by the Court. *See* ECF No. 48. The parties could not agree on a notice form to be sent to the putative class members, necessitating Court intervention. *See* ECF Nos. 46 and 47. The Court ultimately approved Plaintiff's form with modification. *See* ECF No. 69. Plaintiff also moved to bar Defendants from asserting certain FLSA exemptions, which was opposed and denied. *See* ECF Nos. 86 and 123.

9. Dispositive motion briefing was particularly prolonged. Including oppositions and replies, Defendants' Motions for Partial Summary Judgment and Decertification of the FLSA and Rule 23 classes encompassed 130 pages, excluding exhibits. *See* ECF Nos. 95-98, 114-16, and 119-21. Ultimately Defendants' motions to decertify the classes were denied, and Defendants' Motion for Partial Summary Judgment was denied in part and granted in part. *See* ECF Nos. 125-28.

10. Early mediation was held on May 18, 2021, but was unsuccessful in resolving the case. *See* ECF No. 36. However, a full-day mediation before Magistrate Judge Armstrong on

June 24, 2024 was successful and the parties were able to reach an agreement.  *See* June 25, 2024 Minutes of Proceedings.

11. The parties have informed the Court that they believe the settlement appropriately balances the expenses, risks, and possible outcomes of protracted litigation.  For the Plaintiff and the Opt-Ins, the proposed settlement will eliminate the risk and delay of litigation and make substantial payments available to them.

12. The settlement will resolve the disputed claims for Plaintiff Kuchar and the Opt-ins who joined the case pursuant to 29 U.S.C. § 216(b), and terminated Opt-Ins Tenkewich, Lawson, and Taylor (the "Terminated Opt-Ins").

13. The settlement makes fair and reasonable settlement payments available to the Plaintiff, Opt-Ins, and Terminated Opt-Ins.  The proposed method of allocating the net settlement proceeds is reasonable and fair to all.  The net proceeds will be allocated to those individuals in proportion to their estimated damages.

14. As to the Plaintiff, Opt-Ins, and Terminated Opt-Ins, the Court finds that the proposed settlement satisfies the standard for approval of an FLSA collective action settlement under 29 U.S.C. § 216(b).  There is "a bona fide dispute between the parties as to the employer's liability under the FLSA" and that the settlement "is fair, reasonable, and adequate."  *Kritzer v. Safelite Solutions, LLC*, 2012 U.S. Dist. LEXIS 74994, at *19 (S.D. Ohio May 30, 2012).

15. The Court finds that the settlement resulted from arms'-length negotiations between experienced counsel after substantial investigation and was facilitated during mediation conducted by United States Magistrate Judge Jennifer Dowdell Armstrong.  Plaintiff's Counsel has informed the Court that they believe the settlement is fair, reasonable, and adequate and in the best interests of the Plaintiff and Opt-Ins.  The Court has considered all relevant facts, including the risk,

complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the settlement; and the experience and views of counsel for the Parties.

16. The Court approves the settlement pending final approval of the parties' Fed. R. Civ. P. 23 , and orders that the settlement be implemented according to the terms and conditions of the Settlement Agreement and as directed herein.

17. The Court finds that the proposed allocation and calculation of the individual payments to Plaintiff Colleen Kuchar, the Opt-Ins, and the Terminated Opt-Ins are fair and reasonable. The Court approves the method of calculation and proposed distribution of the individual payments. The Court approves the amounts and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Joint Motion for Approval.

18. The Court approves the payment of attorneys' fees and expense reimbursements to Plaintiff's Counsel as provided in the Settlement Agreement, and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

19. The Court approves the payment of the additional Service Award to Plaintiff Colleen Kuchar. Further, the Court orders that such Service Award be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

20. The Court retains jurisdiction over the Action to enforce the terms of the settlement.

IT IS SO ORDERED:

*David A. Ruiz*  Sep 17, 2024
David A. Ruiz
United States District Judge