UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| COLLEEN KUCHAR, on behalf of herself and all others similarly situated, | ) ) ) ) | CASE NO. 1:20-cv-02542 |
| Plaintiff, | ) ) ) | JUDGE DAVID A. RUIZ MAGISTRATE JUDGE JENNIFER DOWDELL ARMSTRONG |
| v. | ) ) | |
| SABER HEALTHCARE GROUP, LLC, et al., | ) ) ) | **ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| Defendants. | ) | |

Plaintiff Colleen Kuchar, on behalf of herself and all others similarly situated ("Plaintiff") and Defendants Saber Healthcare Group, LLC ("SHG"), and Aurora Manor Limited Partnership ("Aurora Manor") (collectively "Defendants"), have jointly moved the Court to approve the parties' proposed settlement pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and preliminarily approve the settlement pursuant to Fed. R. Civ. P. 23, approve a proposed notice to Class Members, and schedule a Fairness Hearing. Having reviewed the Agreement of Settlement and Release ("Agreement"), the parties' motion and exhibits, and the pleadings and papers filed in this Action, and for good cause therein established, the Court grants the joint motion as to the proposed Fed. R. Civ. P. 23 settlement as follows:

1. This case was brought on November 11, 2020, alleging claims against Defendants for unpaid regular and overtime wages. The class and collective actions were brought on behalf of two groups of healthcare workers at Aurora Manor and facilities affiliated with SHG. The FLSA claims were pursued on behalf of: (1) salaried MDS nurses and coordinators who worked more than 40 hours in one or more work weeks at any time but were not paid overtime in the three

years preceding the date of the grant of conditional certification at any of the 122 facilities listed on SHG's website and who had not executed arbitration agreements with Defendants; and (2) hourly nurses at Aurora Manor who worked more than 40 hours in one or more work weeks at any time in the three years preceding the date of the grant of conditional certification and who had not executed arbitration agreements with Defendants. Ohio wage law claims were pursued under FED. R. CIV. P. 23 only with respect to the hourly nurses who worked in one or more workweeks at Aurora Manor any time between November 11, 2018 and the present and had not executed an arbitration agreement with Defendants.

2. For her claims on behalf of the MDS nurses, Plaintiff alleges that she and Saber's other MDS nurses were misclassified as salaried exempt under the Fair Labor Standards Act, and denied overtime pay for the hours they worked over 40 per workweek.

3. For her claims on behalf of Aurora Manor's hourly patient care staff, Plaintiff alleges that she and the other hourly patient care staff at Aurora Manor were not paid for all of the regular and overtime hours they worked through unpaid lunch breaks.

4. The named plaintiff, Colleen Kuchar, is a member of both groups as she worked for the Aurora Manor facility as both an hourly and MDS nurse.

5. On July 9, 2021, the Court conditionally certified this action as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216(b), based on two collectives. *See* OPINION AND ORDER, ECF No. 43, at page 9. There are a total of 19 Opt-In Plaintiffs across the two collectives. On October 4, 2021, the Court granted Plaintiffs' motion for class certification of a state-law class as to the Aurora Manor hourly nurses under FED. R. CIV. P. 23. *See* OPINION AND ORDER at ECF No. 70, at page 14. The Rule 23 class consists of 65 hourly nurses.

6. Discovery was extensive. Both sides propounded and answered numerous and lengthy written discovery requests. Defendants produced more than 20,000 pages of personnel, timekeeping, wage, and similar records, and Plaintiff produced documents on behalf of herself and numerous opt-ins. Additional records were obtained by Plaintiff via subpoenas to Defendant's affiliated entity and a law firm that previously litigated a case involving Defendants. Further, plaintiff obtained Defendants' Medicare Enrollment documents via a FOIA request to the Centers for Medicare & Medicaid Service.

7. Twenty-four depositions were taken during discovery in this case. Plaintiff took the depositions of individuals, including employees and facility administrators at Aurora Manor, and members of management at SHG. Defendants deposed named Plaintiff Colleen Kuchar, 10 opt-ins and class members, and Plaintiff's expert witness, Dr. Shane Thompson.

8. Motion practice was extensive and rigorous throughout this proceeding. Each class motion was opposed by Defendants and required lengthy briefing. Plaintiff filed a Motion for Reconsideration to expand the scope of the hourly nurse class, which was opposed and granted. *See* ECF Nos. 44, 45, and 56. Defendants raised a discovery dispute that was heard by the Court. *See* ECF No. 48. The parties could not agree on a notice form to be sent to the putative class members, necessitating Court intervention. *See* ECF Nos. 46 and 47. The Court ultimately approved Plaintiff's form with modification. *See* ECF No. 69. Plaintiff also moved to bar Defendants from asserting certain FLSA exemptions, which was opposed and denied. *See* ECF Nos. 86 and 123.

9. Dispositive motion briefing was particularly prolonged. Including oppositions and replies, Defendants' Motions for Partial Summary Judgment and Decertification of the FLSA and Rule 23 classes encompassed 130 pages, excluding exhibits. *See* ECF Nos. 95-98, 114-16, and

119-21.  Ultimately Defendants' motions to decertify the classes were denied, and Defendants' Motion for Partial Summary Judgment was denied in part and granted in part.  *See* ECF Nos. 125-28.

10. Early mediation was held on May 18, 2021, but was unsuccessful in resolving the case.  *See* ECF No. 36.  However, a full-day mediation before Magistrate Judge Armstrong on June 24, 2024 was successful and the parties were able to reach an agreement.  *See* June 25, 2024 Minutes of Proceedings.

11. The parties have informed the Court that they believe the settlement appropriately balances the expenses, risks, and possible outcomes of protracted litigation.  For the Plaintiff, Opt-Ins, and Class Members, the proposed settlement will eliminate the risk and delay of litigation and make substantial payments available to them.

12. The settlement will resolve the disputed claims for Plaintiff Kuchar, the Opt-ins who joined the case pursuant to 29 U.S.C. § 216(b), all members of the Rule 23 Class, and terminated Opt-Ins Tenkewich, Lawson, and Taylor (the "Terminated Opt-Ins").

13. The settlement makes fair and reasonable settlement payments available to the Plaintiff and Class Members.  The proposed method of allocating the net settlement proceeds is reasonable and fair to all.  The net proceeds will be allocated to those individuals in proportion to their estimated damages.

14. As to the Rule 23 Class, the Court finds that the proposed settlement qualifies for preliminary approval pursuant to FED. R. CIV. P. 23(e) on the basis that it is "fair, reasonable, and adequate" to all participants.

15. The Proposed Notice to Class Members satisfies the requirements of FED. R. CIV. P. 23(e) and (c)(2).  The Court approves the Notice and orders that it be distributed to Class

Members by first-class United States mail to their last-known addresses as shown in Defendants' records.

16. The Fairness Hearing will be held on <u>     January 14, 2025     </u>.

17. At least seven days prior to the Fairness Hearing, Plaintiff's Counsel shall file a declaration certifying that the Notice was distributed to the Class members as ordered, shall file a table showing the final breakdown of payments, and shall file a proposed final Order that has been approved by Defendants.

IT IS SO ORDERED:

_/s/ David A. Ruiz_     **Sep 17, 2024**
David A. Ruiz
United States District Judge